JULIO SIGURANI, Plaintiff and Appellee, *v.* GABINA GUZMÁN, Defendant and Appellant.

No. 8875. Argued February 1, 1944.—Decided March 6, 1944.

*Luis Mercader* for appellant. *Francisco R. Flores* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The lower court believed plaintiff's evidence and rendered judgment in the present case sustaining the complaint of unlawful detainer at sufferance. The only question of some merit raised by the defendant in this appeal is whether the evidence gave rise to a conflict of titles as alleged by the appellant.

It appeared from the evidence that the plaintiff is owner and holds possession, since 1939, of a property of 40 acres (*cuerdas*) situated in the ward of Arena of Utuado; that on March 1943, the defendant destroyed a house which she had in the farm of Juan Maldonado, and built it again within the farm of the plaintiff, Julio Sigurani, without his permission; that the plaintiff called her attention and asked her to stop building her house in his farm and that the defendant stopped the work, but as soon as plaintiff left, she continued the construction. A few days later the plaintiff brought the present action.

Defedant's evidence tended to show that she had reconstructed her house in an acre of land which Inés González had granted to her, but the lower court in weighing the evidence as a whole, reached the conclusion that "the defendant, in agreement with Inés González, moved her house from the farm of Juan Maldonado to a place in front of Inés González' farm" but which is within plaintiff's farm. Besides, the documentary evidence of defendant herself showed that the one-acre farm to which she moved her house, did not belong to Inés González but to doña Monserrate González who had acquired the same since 1933.

We have examined the evidence introduced by both parties and there is no showing that the lower court committed manifest error in weighing the same. In our opinion, there was not sufficient evidence to establish a conflict of titles. Neither was the plaintiff bound, as appellant contends, to institute an injunction proceeding to enjoin the defendant from reconstructing her house. The defendant stopped the construction and continued the same illicitly without plaintiff's permission.

The judgment appealed from must be affirmed.